(*Pleito No. 123.—Fallado el 26 de Abril de 1901.*)

## Hartmann contra Padilla.

Recurso contra sentencia dictada por la Corte de Distrito de Humacao.

Declaración de quiebra. Procede de acuerdo con el Código de Comercio vigente, la declaración de quiebra á instancia de un acreedor, aunque éste no hubiere obtenido mandamiento de embargo. Bástale al acreedor presentar el documento ó documentos que justifiquen su título de crédito, aunque sean privados, puesto que al deudor le queda expedito su derecho para pedir la revocación del auto de declaración de quiebra, con la indemnización consiguiente de daños y perjuicios, contra el acreedor.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y seis de Abril de - mil novecientos uno, en los autos seguidos en el Tribunal del Distrito de Humacao por A. Hartmann y C., del comercio de Arroyo, sobre declaración de quiebra de J. M. Padilla y Cª, de mismo comercio, pendientes ante Nos á virtud del recurso de casación por infracción de ley interpuesto por la sociedad promovente de la quiebra representada por su Abogado defensor Don Rafael López Landrón.—Resultando: Que presentado escrito en el Tribunal del Distrito de Humacao, por el Abogado Don

Rafael López Landrón, á nombre de la sociedad mercantil A. Hartmann y Cª, del comercio de Arroyo, para obtener la declaratoria de quiebra de Don José Mª Padilla por sí, y como gestor de J. M. Padilla y Cª, del mismo comercio y vecindad, y que desglosados y unidos á los autos por disposición del Tribunal los documentos obrantes en el pleito seguido por la misma sociedad A. Hartmann y Cª contra J. M. Padilla y Cª, en cobro de pesos, consistentes en cuatro pagarés expedidos por J. M. Padilla á la orden de la sociedad promovente, por valor de doscientos treinta y cuatro pesos, cincuenta y nueve centavos, oro americano, cada uno; una cuenta corriente con un saldo á favor de la misma sociedad, por valor de cuatrocientos dos pesos, ochenta y cinco cantavos y una carta suscrita por J. M. Padilla, acusando recibo de la anterior y haciéndole reparos á la cuenta por valor de dos pesos, ochenta y nueve centavos, y ofreciendo además, por otrosí en el mismo escrito, información sumaria para acreditar que Don José Mª Padilla, por sí y como gestor de J. M. Padilla y Cª, había abandonado su establecimiento mercantil y cesado generalmente en el pago de sus obligaciones vencidas, el Tribunal, por auto de diez y seis de Enero último declaró no haber lugar á admitir la información propuesta, por no tener el carácter de fehacientes los documentos presentados, puesto que no habían sido reconocidos judicialmente por el deudor; y que pedida reposición de éste por el Abogado Don Rafael López Landrón, le fué denegada sustancialmente por los mismos fundamentos del anterior de diez y seis de Enero.—Resultando: Que contra este auto interpuso el Abogado Don Rafael López Landrón, á nombre de la sociedad A. Hartmann y Cª, recurso de casación por infracción de ley, que le fué admitido, fundado en el número 1.º del artículo 1,690 de la Ley de Enjuiciamiento Civil y citando como infringidos: 1.º Los artículos 877, inciso último y 876, segundo apartado, del Código de Comercio.— 2.º La doctrina del Tribunal Supremo concordante con el criterio sostenido por el Abogado defensor de la parte recu-

rrente; y 3.º   El artículo 1,323 dé la Ley de Enjuiciamiento Civil, por aplicación indebida, por cuanto el auto recurrido exigía la calidad innecesaria de fehaciente en el crédito, y le privaba del derecho de obtener la declaratoria de quiebra en los términos amplios de los preceptos sustantivos que dejaba citados en su escrito.—Visto :    Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando :    Que si bien con arreglo al artículo 1,323 de la Ley de ˙ Enjuiciamiento Civil, el acreedor que solicite la declaración de quiebra de su deudor, está obligado á acreditar ante todas cosas su personalidad con el testimonio de la ejecución despachada á su instancia contra el mismo deudor, ó con documentos fehacientes de su crédito, con cuyo previo requisito se le admitirá la prueba que presente sobre los extremos comprendidos en el artículo 1,025 del antiguo Código de Comercio, esta disposición de la Ley procesal ha sido modificada en parte por el artículo 876 del Código de Comercio vigente, según el cual, procederá también la declaración de quiebra, á instancia de acreedores, que aunque no hubieren obtenido mandamiento de embargo, justifiquen sus títulos de créditos, ya que el comerciante ha sobreseído de una manera general en el pago corriente de sus obligaciones, ó que no ha presentado su proposición de convenio en el caso de suspensión de pagos, dentro del plazo señalado en el artículo 872 del mismo Código, de donde se deduce que, para acreditar su personalidad el acreedor que no haya obtenido mandamiento de embargo, le basta con presentar el documento ó documentos que justifiquen su título de crédito, aunque sean privados y no hayan sido reconocidos por el deudor, puesto que á éste le queda expedito su derecho para pedir la revocación del auto de declaración de quiebra, con la indemnización consiguiente de daños y perjuicios, por el acreedor que hubiere instado la quiebra con dolo, falsedad ó injusticia manifiesta.—Considerando :    Que este precepto del artículo 876 del nuevo Código de Comercio, se inspira en el propósito de facilitar al acreedor el ejercicio de su derecho

contra el deudor que legalmente se haya constituído en estado de quiebra y que ese pensamiento del legislador no se vería cumplido sí, como sucede en el caso de autos, por haberse ausentado el deudor sin haber reconocido su firma puesta al pie de los documentos presentados por la parte promovente, no pudiera obtenerse su declaración en quiebra, no obstante haber cesado en el pago corriente de sus obliganes vencidas.—Considerando por todo lo expuesto: Que al declarar el auto recurrido, no haber lugar á recibir la información propuesta por A. Hartmann y Cª, sobre la cesación de J. M. Padilla y Cª, en el pago corriente de sus obligaciones, por los motivos en que dicho provisto se funda, ha infringido el artículo 876 del nuevo Código de Comercio, que se cita entre las disposiciones legales infringidas en el primer motivo del recurso.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley, interpuesto por la sociedad A. Hartmann y Cª contra el auto de diez y seis de Enero último, el que casamos y anulamos con su concordante de veinte y tres del mismo mes; y devuélvanse las actuaciones al Tribunal del Distrito de Humacao con copia de la presente resolución que se publicará en la *Gaceta Oficial*, para que proceda con arreglo á derecho.—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico, como Secretario, en Puerto Rico, á veinte de Abril de mil novecientos uno.—E. de J. López Gaztambide, *Secretario.*